# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
------------------------------------------------------------------------X
LAURA PEREZ and JOSEFA NOGUERA DE PEREZ,

                *Plaintiffs,*

    - against -

WELLS FARGO BANK, N.A. and
BANK OF AMERICA, N.A.,

                *Defendants.*

------------------------------------------------------------------------X

Index No.: _____ /2026

**SUMMONS**

Plaintiffs designate Bronx County as the Place for Trial

Pursuant to CPLR 503, the basis of venue is Plaintiffs' residence and the location substantial part of the events or omissions.

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to appear in the Supreme Court of the State of New York, Bronx County located at 851 Grand Concourse, in the County of Bronx, City of New York and State of New York, within the time provided by law as noted below and to file your answer to the Complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the relief demanded in the Complaint, together with the costs and disbursements of this action.

NOTE:  The law provides that: (a) If this summons is served by its delivery to you personally within the State of New York, you must appear and answer within TWENTY days after such service; or (b) If this summons is served by  delivery to any person other than you personally, or is served outside the State of New York, or by publication, or by any other means other than personal delivery to you within the State of New York, you are allowed THIRTY days after proof of service is filed with the Clerk of the Court within which to appear and answer.

Dated: New York, New York
       March 8, 2026

                                  Andrew L. Kincaid
                                  KINCAID LAW PLLC
                                  *Counsel for Plaintiff*
                                  152 West 57th Street, 8th Floor
                                  New York, New York 10019
                                  Tel.: 646.780.8063
                                  *akincaid@kincaidpllc.com*

DEFENDANTS' ADDRESSES:

**Wells Fargo Bank, N.A.**
c/o Corporation Service Company
80 State Street
Albany, New York 12207

**Bank of America, N.A.**
c/o C T Corporation System
28 Liberty Street
New York, New York 10005

- 1 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
-----------------------------------------------------------------------X
LAURA PEREZ and JOSEFA NOGUERA DE PEREZ,

                *Plaintiffs,*

       - against -

WELLS FARGO BANK, N.A. and
BANK OF AMERICA, N.A.,

                *Defendants.*
-----------------------------------------------------------------------X

Index No.: _____ /2026

**COMPLAINT**

Plaintiffs Laura Perez ("Laura") and Josefa Noguera de Perez ("Josefa"), by and through their undersigned counsel, Kincaid Law PLLC, as and for their Complaint against the above-captioned Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Bank of America, N.A. ("BANA" or "Bank of America" and, collectively with Wells Fargo, "Defendants" or the "Banks") allege as follows, upon information and belief:

**NATURE OF ACTION**

1.      This action seeks to make Plaintiffs whole after Defendants, multinational banks entrusted with trillions of dollars of assets, negligently enabled a fraudulent transaction, which resulted in Plaintiffs wiring nearly $150,000 to unknown fraudsters.

2.      For at least a decade, banks both in New York and across the country have been aware of the increasing scourge of scams and other nefarious conduct employing ordinary wire transfers to separate victims, especially the elderly, from their money.

3.      Indeed, the media has consistently reported on innumerable instances in which hackers either obtain access to customer accounts, or pose as legitimate sources and thereby dupe consumers, particularly the elderly, into transferring money to accounts from which the funds cannot be recovered.

- 1 -

4. Yet, despite this sustained, years-long chorus warning banks regarding the prevalence of fraudulent schemes that exploit wire transfers, Defendants nonetheless failed to take reasonable steps to safeguard these transactions, train their employees to take reasonable measures to prevent fraudulent transactions, and otherwise exercise ordinary care.

5. What is worse, despite Defendants' negligence and virtually limitless resources, they have simply refused to make Plaintiffs whole or otherwise redress the harm that Plaintiffs have suffered.

6. As a result, Plaintiffs are constrained to bring this action to recover damages arising from Defendants' continued misconduct.

## **PARTIES**

7. Plaintiff Laura Perez is a natural person and a resident of The Bronx, New York.

8. Plaintiff Josefa Noguera de Perez is a natural person and a resident of The Bronx, New York.

9. Defendant Bank of America, N.A. is a national banking association chartered under the laws of the United States of America with its main office and principal place of business located in Charlotte, North Carolina.

10. Defendant Wells Fargo Bank, N.A. is a national banking association chartered under the laws of the United States of America with its main office and principal place of business located in San Francisco, California.

## **JURISDICTION AND VENUE**

11. This Court has jurisdiction over this action pursuant to CPLR 301 and CPLR 302(a)(1), (a)(2) & (a)(4).

12.     Venue is proper in Bronx County pursuant to CPLR 503(a) because Plaintiffs reside here and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here.

## FACTS

### A.     The Longstanding Threats of Fraudulent Wire Transfers

13.     As noted above, it is by now well-documented that wire transfers are a particularly attractive tool for fraudsters.

14.     Indeed, for years, news reports, press releases, and other media have consistently and repeatedly warned that such schemes are increasingly prevalent, and frequently target senior citizens and other vulnerable populations.

15.     For example, on December 12, 2025, *The New York Times* reported on a case in which a scammer "took over" the bank accounts of an elderly retiree and transferred tens of thousands of dollars away from his account. *See* Bernard, Tara Siegel*, Tech Support Scammers Stole $85,000 From Him. His Bank Declined to Refund Him.*, THE NEW YORK TIMES (Dec. 12, 2025), available at https://www.nytimes.com/2025/12/12/business/tech-support-scam-bank-fraud.html. Notably, the article emphasizes that such scams are "surging" and often target older Americans.

16.     Given these and other fraud threats, the Banks, as with other financial institutions, have long been on notice regarding the risks of fraud associated with wire transfers and the need to implement safeguards to ensure that their customers, particularly the elderly and other vulnerable populations, do not succumb to these schemes.

### B.     Plaintiffs Entrust their Money to the Banks, Including to Buy a Home

17.     Plaintiff Laura Perez, and her elderly mother, Josefa, are longtime residents of The Bronx.

- 3 -

18.      For years, Plaintiffs have held their modest savings in accounts maintained by Wells Fargo.

19.      As such, Wells Fargo is well-aware of Plaintiffs' financial profile, including that they are women of modest means who do not regularly engage in wire transfers or high-value transactions.

20.      As Josefa has grown older, she and Laura have consistently searched for a small apartment where Josefa can age in place.

21.      Eventually, in the summer of 2025, Laura and Josefa identified a unit in the cooperative apartment building located at 3200 Netherland Avenue in The Bronx (the "Apartment"), which is just a few blocks from their current residence and that is ideally situated close to the key locations in Josefa's life, including the grocery store, her parish church, her pharmacy, and other features of her everyday routine.

22.      However, as women of modest means without significant income, Plaintiffs knew that it would be extremely unlikely that they would ever qualify for mortgage.  Accordingly, Plaintiffs ensured that they had adequate funds available in their accounts for both the down payment and the purchase price of the Apartment.

## C.      The Fraudulent Wire Transfer

23.      On or about December 10, 2025, after a lengthy application process, the board of the cooperative approved Plaintiffs to purchase the Apartment.

24.      As part of this application process, Plaintiffs made a down payment equal to ten percent (10%) of the purchase price of the Apartment, or $15,990.

- 4 -

25. On December 12, 2025 at 2:27 p.m., Laura received an email from their attorney's email address advising her that the parties had agreed to close on the Apartment in approximately one week, such that she would need to wire the balance of purchase price to an escrow account.

26. Unfortunately, as Plaintiffs and their attorney would learn only later, their attorney's email account had been hijacked by unknown fraudsters.

27. Less than two hours later, at 4:06 p.m. on December 12, 2025, Laura and Josefa received another email from their attorney's email address with wire instructions directing that the funds be sent to an account maintained by Bank of America, purportedly on behalf of "Avg Darmouth Law Office(Inc)."

28. Confident in the apparently genuine instructions that they received from their attorney's email address to transfer money to an account in the United States that appeared to be maintained on behalf of a law office, Plaintiffs arranged for the wire transfer, as directed.

29. However, Josefa is not technologically inclined, and prefers the security of executing a transaction through a known, trusted individual. Accordingly, she visited the Wells Fargo branch located at 3709 Riverdale Avenue in The Bronx, as she has done numerous times in the past.

30. At the Riverdale branch, Josefa met with Wells Fargo employee, Evelyn Santo ("Santo"), whom Josefa has known for several years.

31. Josefa explained that she wished to wire $143,910 in connection with closing on the Apartment, and provided the emails and wire instructions that Plaintiffs received from their attorney's email account (the "Fraudulent Transfer").

32. Santo, on behalf of Wells Fargo, reviewed these emails and wire instructions, and did not suggest to Josefa that anything appeared suspicious or might require further verification.

- 5 -

Likewise, Santo did not inquire as to whether Josefa had confirmed the authenticity of these instructions on the telephone, nor suggest that Josefa call her attorney to confirm the accuracy of these instructions, nor otherwise indicate that Josefa should exercise particular caution with respect to a wire transaction of this size.

33.     Likewise, Santo and Wells Fargo failed to flag this transaction as suspicious, despite the fact that Plaintiffs rarely engaged in wire transfers and had *never* engaged in a transaction of this size.  To the contrary, Santo recounted to Josefa a story regarding a different bank customer who had attempted to engage in a large wire transaction, purportedly for the purpose of purchasing jewelry, that Santo had successfully identified as a fraudulent transaction.  The fact that Santo, on behalf of Wells Fargo, emphasized her apparent skill in identifying suspicious transactions, but did not identify this transaction as suspicious, gave Josefa an additional layer of security.

34.     Rather, Santo and Wells Fargo merely facilitated the wire transfer, despite the size of the transaction and the fact that this transaction was entirely inconsistent with Plaintiffs' financial profile.

35.     Upon completion of the transaction, Wells Fargo provided a receipt for the Fraudulent Transfer that confirmed to Josefa that the funds had been sent to a Bank of America account maintained in Manhattan.

**D.     Plaintiffs Discover the Fraud and Defendants Refuse to Assist**

36.     On December 15, 2025, Plaintiffs received an email from their attorney's account advising that the closing would be held that Friday, December 19.  Unbeknownst to Plaintiffs, this communication was also sent by the unknown fraudsters, who continued to use the compromised email account even after Plaintiffs had wired the funds.  On the morning of December 19, when

Plaintiffs did not receive information regarding the location of the scheduled closing, Laura sent her attorney a text to inquire about the address for the closing. Attorney responded that no closing had been scheduled for that day. When Laura asked about the prior instructions to wire the funds, it became apparent that attorney's email account had been compromised and that Plaintiffs had been defrauded.

37.     In subsequent communications on December 19, the attorney confirmed that his email account had been compromised and accessed without his authorization, and that the prior wire instructions had not originated from him.

38.     Immediately upon discovering that the wire instructions were fraudulent, Plaintiffs contacted both Bank of America and Wells Fargo, as well as law enforcement, to report the Fraudulent Transfer and to request that the transfer be recalled and the recipient account frozen. Plaintiffs were informed that a wire recall would be initiated.

39.     Upon information and belief, Wells Fargo subsequently transmitted a wire recall request through the Federal Reserve system and notified Bank of America that the transfer was unauthorized and the result of fraud.

40.     Upon information and belief, at or about the time Bank of America received notice of the fraud and/or the recall request, some or all of the transferred funds remained within the recipient account or otherwise within Bank of America's control. Despite receiving notice that the funds were stolen, Bank of America failed to take timely and reasonable steps to freeze, restrain, or secure the funds and permitted their withdrawal, transfer, or dissipation.

41.     Likewise, upon information and belief, Bank of America failed to conduct sufficient diligence to satisfy its "know your customer" obligations by confirming the identity of the owner of the recipient account and ensuring that this account owner was not engaged in

- 7 -

fraudulent activity. Rather, Bank of America allowed fraudsters to open and/or maintain the account that received the Fraudulent Transfer.

42. Although the Banks initially assured Plaintiffs that they would remediate the issue, after repeated conversations, follow-up attempts, and requests for assistance, Plaintiffs were ultimately informed that no funds would be recovered and that the matter was closed. It has since become clear that neither Wells Fargo nor Bank of America undertook reasonable efforts sufficient to prevent the dissipation of Plaintiffs' funds or to assist meaningfully in their recovery.

43. Indeed, although Plaintiffs have been in constant communication with the banks and law enforcement, they have been unable to recover any of the funds lost in the Fraudulent Transfer.

44. Rather, the Banks have consistently deflected Plaintiffs' requests for assistance, including requests (i) to confirm whether Wells Fargo issued a hold harmless letter in connection with the wire recall and (ii) to provide copies of any such letter and of the Federal Reserve communications between Wells Fargo and Bank of America. Instead, the Banks issued evasive responses, failed to supply requested documentation, and repeatedly declared the matter "closed" without addressing Plaintiffs' specific inquiries.

45. Compounding this tremendous financial loss, the Fraudulent Transfer has imperiled Plaintiffs' ability to close on the Apartment, such that Plaintiffs risk losing not only the down payment for the Apartment, the fees that they have already incurred, but also the Apartment that they have spent so long to find.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (Negligence)

46. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

- 8 -

47.     As set forth above, Defendants owed Plaintiff a duty of reasonable care, including in safeguarding Plaintiffs' accounts and transactions, protecting them from fraud, and adhering to industry standards regarding suspicious activities.

48.     Defendants breached this duty, including by, among other things: (i) executing the Fraudulent Transfer despite red flags concerning the irregularity of the transaction, (ii) failing to exercise reasonable diligence in allowing fraudsters to open and/or maintain the recipient account; and (iii) failing to assist Plaintiffs in recovering their money after it became clear that Plaintiffs had been defrauded.

49.     As a result of Defendants' negligence, Plaintiffs are entitled to damages suffered as a result of the Fraudulent Transfer in an amount to be determined at trial, but, in no event less than $200,000.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (Breach of Fiduciary Duty as to Wells Fargo)

50.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

51.     Defendant Wells Fargo owed Plaintiffs fiduciary duties by virtue of their years-long financial relationship, Josefa's advanced age, and her status as an elderly, vulnerable person.

52.     Such duties include the duties of loyalty, care, good faith, full disclosure, and fair dealing.

53.     Defendant Wells Fargo breached its duty to Plaintiff by executing the Fraudulent Transfer, by failing to identify suspicious activity, and by otherwise failing to safeguard Plaintiffs' accounts.

54.     As a result of Defendant Wells Fargo's misconduct, Plaintiffs are entitled to compensatory and consequential damages suffered as a result of the Fraudulent Transfer, including

for Plaintiffs' emotional distress, in an amount to be determined at trial, but, in no event less than $200,000.

<div align="center">

**AS AND FOR A THIRD CLAIM FOR RELIEF**
**(Negligent Supervision as to Wells Fargo)**

</div>

55.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

56.     Defendant Wells Fargo had a duty to exercise reasonable care in hiring, supervising, and training its employees, including by preparing them to identify and address suspicious transactions.

57.     At all times relevant to this action, Defendant Wells Fargo employed Evelyn Santo, who personally interacted with Wells Fargo customers, including Plaintiffs.

58.     Santo, as well as other individuals employed by Wells Fargo, had known Josefa personally for years, and therefore was fully-aware of her status as an elderly woman of modest means, and her financial history, which did not include wire transfers for significant sums.

59.     Santo, on behalf of Wells Fargo, facilitated the Fraudulent Transfer, and in so doing, failed to exercise reasonable care, including by failing to verify the destination of the funds and the authenticity of the wire instructions.

60.     As a result of Defendant's misconduct, Plaintiffs are entitled to compensatory and consequential damages suffered as a result of the Fraudulent Transfer in an amount to be determined at trial, but, in no event less than $200,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs hereby request that the Court grant the following relief:

a.   Judgment in Plaintiffs' favor and against Defendants, in an amount to be determined at trial, but in no event less than $200,000 plus pre-judgment interest;

b.   Plaintiffs' costs and disbursements incurred in this suit;

c.   Plaintiffs' attorneys' fees to the full extent permitted by law; and

d.   Any such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 8, 2026

Andrew L. Kincaid
KINCAID LAW PLLC
*Counsel for Plaintiffs*
152 West 57th Street, 8th Floor
New York, New York 10019
Tel.: 646.780.8063
*akincaid@kincaidpllc.com*

- 11 -

### IN THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF BRONX

| | |
|---|---|
| **LAURA PEREZ and JOSEFA NOGUERA DE PEREZ** | Hearing Date: |
| Plaintiff/Petitioner | INDEX NO: **804324/2026E** |
| VS. | Index Date: **03/08/2026** |
| **WELLS FARGO BANK, N.A.; BANK OF AMERICA, N.A.** | AFFIRMATION OF SERVICE OF |
| Defendant/Respondent | SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING |

Received by **Islam G Alaaeldin**, on the **11th day of March, 2026 at 8:41 AM** to be served upon Bank of America, N.A. c/o C T Corporation System, REGISTERED AGENT at 28 Liberty St, New York, New York County, NY 10005

The undersigned, affirms: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **11th day of March, 2026 at 9:31 AM** at the address of **28 Liberty St, New York, New York County, NY 10005**, this affiant served the **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING** upon Bank of America, N.A. c/o C T Corporation System, REGISTERED AGENT in the manner described below:

**CORPORATE SERVICE**, by personally delivering **1** true and correct copy(ies) of the **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING**, with the date and hour of service endorsed thereon by this affiant, to the corporation described as the named defendant.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY(IES) OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**Vincenza Cipriano (Intake Specialist), I delivered the documents to Vincenza Cipriano (Intake Specialist) who identified themselves as the person authorized to accept. The individual appeared to be a black-haired Hispanic female contact 55-65 years of age, under 5' tall and weighing 80-120 lbs with an accent and glasses.**

**The undersigned asked the indicated person whether the defendant and/or present occupant was presently in the military service of the United States Government or in active duty in the military service of the State of New York or a dependent of anybody in the military and defendant and/or present occupant refused to indicate.**

I affirm, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Executed on ___**3-11-2026**___.


_(signature)_

**Islam G Alaaeldin, Reg. # 2106710-DCA, NYC DCWP, NY**
ABC Legal Services, LLC
DCA Lic. #1380619 Exp, 02/28/28
147 Prince St, Suite 4-6, Brooklyn, NY 11201

Page 1 of 1
FOR: **Kincaid Law PLLC**
REF: **RN-39334**

Tracking #: 0212894542

CamScanner

## IN THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF BRONX

| | |
|---|---|
| **LAURA PEREZ and JOSEFA NOGUERA DE PEREZ**<br><div align="right">Plaintiff/Petitioner</div><br>vs.<br>**WELLS FARGO BANK, N.A.; BANK OF AMERICA, N.A.**<br><div align="right">Defendant/Respondent</div> | Hearing Date:<br>INDEX NO:   **804324/2026E**<br>Index Date:   **03/08/2026**<br>AFFIRMATION OF SERVICE OF:<br>**SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING** |

Received by **Francisco Cruz**, on the **10th day of March, 2026 at 7:42 AM** to be served upon **Wells Fargo Bank, N.A. c/o Corporation Service Company, REGISTERED AGENT** at **80 State St, Albany, Albany County, NY 12207**.

The undersigned, affirms: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **11th day of March, 2026 at 12:15 PM** at the address of **80 State St, Albany, Albany County, NY 12207**, this affiant served the **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING** upon **Wells Fargo Bank, N.A. c/o Corporation Service Company, REGISTERED AGENT** in the manner described below:

**CORPORATE SERVICE**, by personally delivering 1 true and correct copy(ies) of the **SUMMONS; COMPLAINT; NOTICE OF ELECTRONIC FILING**, with the date and hour of service endorsed thereon by this affiant, to the corporation described as the named defendant.

**THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY(IES) OF THIS PROCESS WAS LEFT IS AS FOLLOWS: Corporation Service Company, REGISTERED AGENT, I delivered the documents to Corporation Service Company, REGISTERED AGENT with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contact 35-45 years of age, 6'0"-6'2" tall and weighing 200-240 lbs with a beard.**

**The undersigned asked the indicated person whether the defendant and/or present occupant was presently in the military service of the United States Government or in active duty in the military service of the State of New York or a dependent of anybody in the military and defendant and/or present occupant refused to indicate.**

I affirm, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Executed on ~~MARCH 11, 26~~ .

Francisco Cruz, NY
ABC Legal Services, LLC
DCA Lic. #1380619 Exp, 02/28/28
147 Prince St, Suite 4-6, Brooklyn, NY 11201

---



Page 1 of 1
FOR: **Kincaid Law PLLC**
REF: **RN-39334**

Tracking #: **0212949258**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

LAURA PEREZ and JOSEFA NOGUERA DE PEREZ,

                           Plaintiffs,

        v.

WELLS FARGO BANK N.A., and BANK OF AMERICA, N.A.,

                          Defendants.

Index No.: 804324/2026E

**STIPULATION EXTENDING TIME FOR DEENDANT BANK OF AMERICA, N.A. TO RESPOND TO THE COMPLAINT**

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned attorneys for Plaintiffs Laura Perez and Josefa Noguera de Perez ("Plaintiffs") and Defendant Bank of America, N.A. ("BANA"), that the time for BANA to answer or otherwise respond to the Complaint in this action is extended up to and including April 14, 2026. BANA waives any and all defenses with respect to service of process. This Stipulation may be executed in counterparts. A copy of the signatures on this Stipulation shall serve the same purpose as an original.

Dated: March 27, 2026

     **KINKAID LAW PLLC**

By: */s/ Andrew Kincaid*
    Andrew L. Kincaid, Esq.
    152 West 57th Street, 8th Floor
    New York, New York 10019
    Telephone: (307) 264-0535
    akincaid@kincaidpllc.com

    *Attorney for Plaintiff Laura Perez and*
    *Josefa Noguera de Perez*

Dated: March 27, 2026

     **MCGUIREWOODS LLP**

By: */s/ Matthew Trevisani*
    Matthew M. Trevisani, Esq.
    1251 Avenue of the Americas, 20th Floor
    New York, New York 10020
    Telephone: (212) 548-2100
    mtrevisani@mcguirewoods.com

    *Attorneys for Defendant Bank of America, N.A.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

LAURA PEREZ and JOSEFA NOGUERA DE PEREZ,

                     Plaintiffs,

      v.

WELLS FARGO BANK N.A., and BANK OF AMERICA, N.A.

                     Defendants.

Index No. 804324/2026E

**STIPULATION EXTENDING TIME FOR DEENDANT WELLS FARGO BANK, N.A. TO RESPOND TO THE COMPLAINT**

      **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned attorneys for Plaintiffs, Laura Perez and Josefa Noguera de Perez ("Plaintiffs"), and Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), that the time for Wells Fargo to respond to the Complaint in this action is extended to and including April 14, 2026. This Stipulation may be executed in counterparts. A copy of the signatures on this Stipulation shall serve the same purpose as an original.

Dated: March 31, 2026

    **KINCAID LAW PLLC**

By: */s/ Andrew Kincaid*
    Andrew L. Kincaid, Esq.
    152 West 57th Street, 8th Floor
    New York, New York 10019
    Telephone: (307) 264-0535
    akincaid@kincaidpllc.com

    *Attorney for Plaintiffs, Laura Perez and Josefa Noguera de Perez*

Dated: March 31, 2026

    **BALLARD SPAHR LLP**

By: */s/ Justin Kerner*
    Justin Kerner, Esq.
    700 East Gate Drive, Suite 330
    Mount Laurel, NJ 08054-0015
    Telephone: (856) 761-3448
    kernerj@ballardspahr.com

    *Attorneys for Defendant Wells Fargo Bank, N.A.*